IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER A.,[1]

        Plaintiff

v.

ANDREW SAUL,
Commissioner Social Security
Administration

        Defendant
_____

Civ. No. 6:18-cv-01029-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB"). Tr. 536–65.[2] This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## **PROCEDURAL AND FACTUAL BACKGROUND**

      Plaintiff filed an initial application for DIB in November 2012. Tr. 183–89, 78. Plaintiff alleged a disability onset beginning April 10, 2012 due to lower back pain, shoulder and neck pain, learning disabilities, and a "tear in L4-5." *Id.* The Administrative Law Judge ("ALJ") assigned to the initial claim issued a decision denying Plaintiff benefits. Tr. 11–31. However, because the ALJ

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

failed to consider certain evidence at the initial hearing the parties stipulated to a remand. Tr. 648–49, 655–57.

While waiting for the remand hearing, Plaintiff submitted a new application for benefits. Tr. 539, 722. A second ALJ consolidated the remanded case and the new application. Tr. 539. The remand hearing took place in November 2017. Tr. 566–90. On February 22, 2018, the ALJ denied Plaintiff's claim for benefits. Tr. 536–65. This latest decision is now before theCourt.

## **STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). When determining if substantial evidence exists, this Court reviews the entire administrative record, weighing both supporting and deterring evidence from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin,* 806 F.3d 487, 488–89 (9th Cir. 2015).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034–35 (9th Cir. 2000). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc.*

*Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). A court may not reverse an ALJ's decision on account of a harmless error. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). Finally, the ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and the record, the ALJ does not need to discuss every piece of evidence." (internal quotations and citations omitted)).

## **DISCUSSION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Social Security Administration (SSA) uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 416.920, 404.1520. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. *Id.* At step five, the Commissioner's burden is to demonstrate the claimant can make an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the reviewing agency determines that the claimant is or is not disabled at any step of the evaluation process, the evaluation will not go onto the next step. *Id.*

At step one, the ALJ found that Plaintiff was not engaged in substantially gainful activity. Tr. 542. At step two, the ALJ found Plaintiff suffered from severe impairments of degenerative

disc disease of the spine, status post 2013 lumbar surgery, carpal tunnel syndrome status post right release, obstructive sleep apnea, morbid obesity, and headaches. *Id.* At step three, the ALJ found that none of Plaintiff's impairments or combination of impairments met or medically equaled the criteria of a listing. Tr. 545–46.

Prior to step four, the ALJ assessed Plaintiff's RFC and found that Plaintiff could perform light work as defined in 20 CFR § 404.1567(b), so long as Plaintiff had the ability to sit and stand at will while remaining on task, was limited in weight occasionally carried to twenty pounds, and could only carry out simple routine and repetitive tasks. Tr. 546. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 555. At step five, the ALJ determined Plaintiff could perform the jobs of photocopy machine operator, collator operator, and inserting machine operator, all jobs that exist in significant numbers in the economy. Tr. 555–56. The ALJ found Plaintiff not disabled. Tr. 556–57.

Plaintiff argues the ALJ erred in three ways. First, that the ALJ incorrectly evaluated Plaintiff's cognitive impairment by failing to consider it severe at step two. Pl's Br. 7, ECF No. 13. Second, that the ALJ erred at step three by failing to find that Plaintiff's current intellectual and adaptive functioning deficits, which began prior to age twenty-two, continue to this day. *Id.* at 12. Third, that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence in discounting Plaintiff's subjective testimony. *Id.* at 17.

**I. Cognitive Impairment at Step Two**

The ALJ did not err at step two by failing to find a severe, medically determinable cognitive impairment. At step two, Plaintiff carries the burden of showing that she has a medically determinable impairment that "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *see also Burch v. Barnhart*, 400 F.3d

676, 679 (9th Cir. 2005). Normally, the threshold at step two is low and merely considered a "de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation marks omitted). However, if the error at step two is egregious, it may disrupt the remainder of the sequential analysis. *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001).

Plaintiff's argument centers around the contention that the ALJ failed to consider school records from 1997 and 2000 establishing Plaintiff's participation in special education services. Pl's Br. 9–10. However, the ALJ not only acknowledged the evidence, but also provided a thorough analysis as to why Plaintiff did not meet the criteria for having a cognitive impairment. *See* Tr. 542–45. The ALJ noted that although Plaintiff participated in special education classes, there was a lack of current objective evidence illustrating ongoing difficulties with cognitive functioning. Tr. 543. Multiple mental status exams from the relevant period failed to reveal cognitive deficits. Tr. 399, 401, 407, 489, 509, 516, 524, 874, 921, 925, 941, 945, 968, 1003, 1095, 1124. This included numerous occasions where Plaintiff exhibited normal judgment, insight, and memory. Tr. 429, 509, 968, 997, 1003, 1223, 1228, 1234. Further, the ALJ discussed how Plaintiff was able to graduate from high school with a modified diploma, complete Certified Nurse Assistant ("CNA") training, and work as a CNA. Tr. 543; *see also* Tr. 216, 196–200, 797.

Additional evidence supporting the ALJ's decision was that state agency psychologists who reviewed Plaintiff's medical records concluded that she did not have a severe mental impairment. Tr. 543. Plaintiff alleges that the ALJ erred in relying on the state agency psychologists' opinions because, according to Plaintiff, their opinions relied upon the earlier ALJ denial from 2014. Pl.'s Br. 11.

An ALJ may make reasonable inferences from the record and if evidence exists to support more than one rational interpretation, this Court will defer to the ALJ's decision. *Batson*, 359 F.3d at 1193; *Aukland*, 257 F.3d at 1034–35. While the psychology consultants noted the initial denial, a reading of their reports does not support the contention that this formed the entire basis of their opinions. Instead, a rational interpretation of the record is that the state psychologists were merely noting the procedural posture of the claim. *See* Tr. 623, 640. Simply put, although Plaintiff's contention may be reasonable, the ALJ's interpretation of the record was also reasonable and, therefore, entitled to deference. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Tommasetti*, 533 F.3d at 1038). Accordingly, the ALJ did not commit legal error at step two.

**II. Listing 12.05 at Step Three**

The ALJ's decision was a reasonable determination that Plaintiff failed to have the prerequisite intellectual impairments to meet or equal listing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 at step three. Although a claimant may meet Listing 12.05 by satisfying either paragraph A or B,[3] Plaintiff's claim focuses on paragraph B. Pl.'s Br. 12–13. "For a claimant to show that [their] impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Paragraph B for Listing 12.05 reads as follows:

> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
> . . .
> > b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence . . . and
>
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
> > a. Understand, remember, or apply information (see 12.00E1); or
> > b. Interact with others (see 12.00E2); or

---

[3] The Commissioner altered Listing 12.05 after Plaintiff's initial claim in 2014. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01 (Sept. 26, 2016); 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05 (2017). For the claim currently before the Court, the ALJ was required to consider the revised criteria. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, at n.1 (Sept. 26, 2016).

> c. Concentrate, persists, or maintain pace (see 12.00E3); or
> d. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Pt. 404, Supbt. P, App. 1, § 12.05B.

Here, the ALJ incorrectly determined that Plaintiff failed to meet the first criteria for Listing 12.05B1, tr. 542, because Plaintiff's 2000 IQ test established a full scale IQ score of 71 and a verbal IQ score of 64. *See* Tr. 1344. Also, contrary to the ALJ's assertion, these school records were not "outside the relevant period" because Plaintiff needed to establish that her intellectual impairment began prior to age 22. *Compare* Tr. 543 *with* 20 C.F.R. Pt. 404, Supbt. P, App. 1, § 12.05B3. The Commissioner urges this Court to view the state psychologists' opinions previously discussed as a refutation of the validity of Plaintiff's IQ tests. Def.'s Resp. Br. 9, ECF No. 16. However, the ALJ's opinion is too sparse to support a reasonable inference that the ALJ relied upon these opinions to hold that the prior testing was unacceptable. *See Stout*, 454 F.3d at 1054 ("[This Court] cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision."). While the Commissioner provides a thorough analysis that attempts to justify the disregard of the prior IQ test, such an argument is merely a *post hoc* justification for the ALJ's decision that this Court may not rely upon. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009).

Nevertheless, this incorrect conclusion regarding the first criteria is harmless error because "it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (internal citations and quotation omitted). Plaintiff carries the burden to establish that she meets all the impairments within Listing 12.05B. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ's conclusion that Plaintiff failed to meet the listing criteria is supported by substantial

evidence, this Court will uphold the ALJ's decision. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

There are four broad areas of mental functioning listed in subsection (2) of 12.05B and to meet it, an "extreme limitation" finding in one area – or "marked limitation" findings in two areas – is necessary. 20 C.F.R. Pt. 404, Supbt. P, App. 1, § 12.05B2. The ALJ found that Plaintiff: (1) had a mild limitation in understanding, remembering, or applying information; (2) no limitation in interacting with others; (3) a mild limitation in concentrating, persisting, or maintaining pace, and; (4) no limitation in adapting or managing oneself. Tr. 543–44. For the first functional area, the ALJ noted that the Plaintiff could recall information efficiently, tr. 488, that the Plaintiff enjoyed doing puzzles, tr. 815, that Plaintiff could pay bills and count change, *id.*, and that Plaintiff also indicated no issues with concentration or following instructions. Tr. 816. For the second functional area, the ALJ noted that Plaintiff's past work as a CNA required interaction with others, tr. 544, and that Plaintiff self-reported no difficulty in getting along with others. Tr. 816. For the third functional area, the ALJ noted that Plaintiff did not indicate she had difficulty paying attention, *id.*, and that multiple medical exams described Plaintiff as alert and oriented. Tr. 544 (citing Tr. 399, 401, 407, 489, 509, 874, 925, 968). For the fourth functional area, the ALJ noted that Plaintiff's complaints about being able to take care of herself related to her physical symptoms, not any alleged mental impairments. Tr. 812. More importantly, Plaintiff self-reported the ability to take care of her husband and children. Tr. 811–12.

Plaintiff argues that the ALJ improperly based her finding on the opinions of the state agency psychological consultants. Pl.'s Br. 14. However, a proper reading of the ALJ's finding shows a reliance upon substantial evidence. Specifically, when discussing each of the four areas of mental functioning, the ALJ cited to additional evidence in the record, such as Plaintiff's own

testimony, past medical examinations, and prior work history. *See* Tr. 543–44. Because the "administrative record . . . contain[ed] 'sufficient evidence' to support the agency's factual determination," the ALJ did not commit legal error at step three. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Contrary to Plaintiff's assertion, there is no need to further develop the record. Pl.'s Br. 16. An ALJ's duty to further develop the record arises when "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). Here, the ALJ had adequate, unambiguous evidence which supported their finding. Accordingly, it is unnecessary to further develop the record just because Plaintiff believes it will yield a different outcome. *Id.*

### III. Plaintiff's Subjective Testimony

The ALJ did not err in discounting Plaintiff's subjective complaints. An ALJ follows a two-step process in evaluating a claimant's symptoms. SSR 16-3p, 2016 WL 1119029, at *3 (Mar. 16, 2016). At step one, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *Id.* At step two, the ALJ evaluates the intensity and persistence of a claimant's symptoms and determines the extent to which an individual's symptoms limit their ability to perform work-related activities. *Id.* at *4. Here, at step one, the ALJ determined "that the [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 548. At step two, the ALJ found that "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the evidence." *Id.*

An ALJ may only discount subjective symptom testimony by identifying specific, clear and convincing reasons supported by substantial evidence in the record. *Brown-Hunter*, 806 F.3d

at 488–89. Importantly, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), along with "ordinary techniques of credibility evaluation," such as Plaintiff's daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The ALJ pointed to multiple such inconsistencies.

First, Plaintiff alleged that her physical pain severely limited her ability to walk, bend over, and sit for extended periods of time. *See* Tr. 242, 578, 789. Yet there are multiple medical reports in the record indicating that Plaintiff appeared in no acute distress. Tr. 397, 401, 403, 405, 407, 409, 411, 874, 934, 1022, 1051, 1186, 1192, 1197, 1203, 1213, 1217, 1223, 1228, 1234. Similarly, physical exams also indicated that Plaintiff had normal gait. Tr. 912, 934, 949, 1094. Plaintiff also exercised to lose weight by, specifically, walking on a treadmill. Tr. 812, 907, 929, 955, 1134. Further, an MRI from 2017 revealed only moderate degeneration and convinced a surgeon that surgery was unnecessary. *See* Tr. 1078–80. Plaintiff also helped care for others, including her mother and three children. Tr. 238, 861. These statements constituted activities that the ALJ could rely upon in rejecting Plaintiff's testimony to the extent that they contradicted her claims of total debilitating impairment. *See Molina*, 674 F.3d at 1113.

Second, Plaintiff contends that the ALJ failed to identify a basis to reject her evidence of a mental impairment. Pl.'s Br. 21. However, as discussed above, such a contention is without merit because of the ALJ's analysis at step two. Tr. 543–44. That discussion included both contradictory medical records and contradictory evidence of daily activities, which an ALJ may rely upon in rejecting subjective symptom testimony. *Carmickle*, 533 F.3d at 1161; *Ghanim*, 763 F.3d at 1163. It is irrelevant that the ALJ discussed this evidence at step two of the analysis. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (clarifying that an ALJ does not need to "discuss and evaluate

the evidence that supports his or her conclusion" under a specific heading). Instead, "[i]t follows that if the claimant's ailment does not pass step 2, *ipso facto* it is not disabling." *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of September 2019.

                                                  ____/s/ Michael McShane_____
                                                     Michael J. McShane
                                            United States District Judge